# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO CARRILLO,<br><br>        Plaintiff,<br><br>v.<br><br>LUNA, et al.,<br><br>        Defendants. | **Case No. 1:18-cv-00413-SKO (PC)**<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Ramiro Carrillo, is a state prisoner proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516 (2002), regardless of the relief sought by the prisoner or offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

In the Complaint, Plaintiff marked the boxes indicating that there is a grievance procedure available at his institution and that he filed a grievance concerning the facts relating to his complaint. (Doc. 1, p. 2.) Plaintiff also marked the box indicating that the grievance process was

not completed.  (*Id.*)

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  It appears Plaintiff filed suit without first exhausting available administrative remedies in compliance with section 1997e(a).  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit.  **Plaintiff is warned that failure to timely respond to this order will result in recommendation that this action be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **April 23, 2018**                           /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE