# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO CARRILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>LUNA, et al.,<br><br>        Defendants. | **1:18-cv-00413-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM**<br><br>**(Docs. 1, 12, 15)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**Clerk of Court to Assign a District Judge** |

     Plaintiff, Ramiro Carrillo, is a former state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On October 23, 2018, the Court issued the First Screening Order finding that the Complaint failed to state any cognizable claims and granting leave for Plaintiff to file a first amended complaint within twenty-one (21) days. (Doc. 12.) Plaintiff received an extension of time until February 27, 2019, to file an amended complaint after his release. (Docs. 13, 14.) Plaintiff failed to file an amended complaint or other response to the First Screening Order nearly a month after the deadline to do so.

     Thus, on March 21, 2019, an order issued for Plaintiff to show cause ("OSC") within twenty-one (21) days why this action should not be dismissed with prejudice based on Plaintiff's

1

failure to comply with the First Screening Order and for failure to state a cognizable claim. (Doc. 10.) Plaintiff was warned in both the First Screening Order and the OSC, that the failure to comply would result in dismissal of this action for his failure to obey a court order, failure to prosecute, and failure to state a cognizable claim. (Docs. 12, 15.) However, the OSC was returned by the United States Postal Service, with a note that it was "undeliverable" and "unable to forward."[1]

A *pro se* plaintiff must keep the Court and opposing parties informed of the party's correct address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. *Id*. If mail directed to a *pro se* plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be served a second time absent a notice of change of address.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with or otherwise respond to the First Screening Order and OSC, there is no alternative but to dismiss the action for Plaintiff's failure to respond to and obey a court order, failure to prosecute, and failure to state a cognizable claim.

---

[1] *See* Doc. entry on 04/09/2019.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order, to prosecute this action, and to state a cognizable claim. The Clerk of the Court is directed to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 23, 2019**__   /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE